**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JASON RITCHWOOD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF HOBOKEN, *et al*.,<br><br>　　　　　　Defendants. | Civil Action No. 24-02031 (JXN)(JBC)<br><br><br>**OPINION** |

**NEALS**, District Judge

Before the Court are *pro se* Plaintiff Jason Ritchwood's ("Plaintiff") Complaint (ECF No. 1) and application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1). Plaintiff's IFP application establishes Plaintiff's financial eligibility to proceed without prepayment of the filing fee and is granted. 28 U.S.C. § 1915. As Plaintiff has been granted IFP status, Plaintiff's Complaint is subject to the Court's *sua sponte* screening. 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Complaint is **DISMISSED**.

## I.　　**BACKGROUND**[1]

This case involves an alleged violation of Plaintiff's civil rights stemming from a parking ticket, expired vehicle registration, and the towing of the Plaintiff's vehicle.

On March 31, 2022, Hoboken Parking Authority employee Marilyn Morales ("Morales") issued Plaintiff a ticket for parking his 2005 Ford F-150 King Ranch vehicle ("Vehicle") within

---

[1] The following factual allegations are taken from the Complaint and the exhibits attached thereto and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) ("[T]he § 1915(d) frivolousness determination . . . cannot serve as a factfinding process for the resolution of disputed facts.")

25 feet of a crosswalk. (*See* Compl. ¶ 15; Ex. 2 at *3, ECF No. 1-6.)[2] Plaintiff states that he "gave [Morales] the opportunity to read [his] Affidavit of Status[3] and to correct her ways[,]" but she refused. (Compl ¶ 16.) A verbal dispute arose between Plaintiff and Morales over the parking ticket, prompting Morales to call the Hoboken Police Department ("HPD") for assistance. (Compl. ¶ 17; Ex. 2 at *1.) HPD Officers Roberto Cuevas ("Cuevas") and Wilfredo Gomez ("Gomez") responded to the incident. (Compl. ¶ 18.)

While on the scene, Gomez discovered that Plaintiff's license and his vehicle had not been registered for almost two years. (Compl. ¶ 19; Ex. 2 at *3.) Cuevas advised Plaintiff of the same, adding that Plaintiff's Vehicle would be towed as a result. (Ex. 2 at *3.) Plaintiff told Cuevas "several times that he was not required to register his [Vehicle]." Plaintiff also showed Cuevas his "Affidavit," which, according to Cuevas' report, "basically stated that he would not be held to follow United States Laws." (Compl. ¶ 20; Ex. 2 at *3.) Gomez's request for a tow truck was approved by HPD Sergeant Christopher Labruno ("Labruno"). (Compl. ¶ 19.) Plaintiff's Vehicle was subsequently towed by New Jersey Towing Company ("Towing Company") employee, John Doe 1. (*Id*. ¶¶ 31-32, 38.) Plaintiff was also issued Summons No. 0905-KA-000529 for operating an unregistered vehicle pursuant to N.J.S.A. 39:3-4. (*Id*. ¶ 42; Ex. 2 at * 3.)

Plaintiff alleges that on June 3, 2022, he was initially denied the return of his Vehicle by Cuevas, Gomez, and HPD Lieutenant Keith Rotundi ("Rotundi"). (Compl. ¶¶ 44-46.) However, shortly thereafter, John Doe 3 authorized the return, and Plaintiff's Vehicle was returned to him later that day. (*Id*. ¶¶ 47-48.)

---

[2] Page numbers preceded by an asterisk (*) reflect CM/ECF pagination.

[3] Plaintiff attached a copy of Plaintiff's "Affidavit of Status" as an Exhibit to his Complaint. (*See* Ex. 3.)

On March 6, 2024, Plaintiff filed the instant civil rights Complaint against the City of Hoboken, the HPD, HPD Officers Cuevas, Gomez, Rotundi, Labruno, and Robert Roman, Hoboken Parking Authority employee Morales, the Towing Company, and its employee, John Doe 1 (collectively, "Defendants"). (*See id*. ¶¶ 5-13.) Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 against Defendants for deprivation of property without due process. Plaintiff also argues that the City of Hoboken should be held liable for its failure to train its police officers. (*Id.*, at ¶ 51.) Additionally, Plaintiff asserts a claim for conversion against the Towing Company and its employee John Doe 1. (*See id*. ¶¶ 52-61.) As relief, Plaintiff seeks damages, costs, and fees. (*Id*. at 11.)

## II.    **LEGAL STANDARD**

In submitting the IFP application, the Complaint is subject to *sua sponte* screening and may be dismissed if, among other things, the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.[4] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Brown*, 941 F.3d at 662.

The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[4] "[A] court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019); *Schwager v. Norristown State Hosp.*, 2023 WL 8458236, at *2 (E.D. Pa. Dec. 5, 2023) (screening the complaint before addressing the IFP application).

defendant is liable for the misconduct alleged." *Id*. Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.    **DISCUSSION**

Plaintiff asserts that the actions taken by Defendants that resulted in the towing and impoundment of his Vehicle deprived him of his property without due process. (*See generally* Compl.) Plaintiff's assertions that he is not required to register his Vehicle and his use of an Affidavit of Status[5] to show Morales and Cuevas that he is exempt from complying with New Jersey motor vehicle laws and regulations during the March 31, 2022 incident, sound in sovereign citizen[6] theories, which have long been rejected as frivolous by this and other courts across the country. *See Xi-Heru v. Glick*, No. CV 25-3821, 2025 WL 1384700, at *4 (D.N.J. May 13, 2025) ("There are occasions when plaintiffs, who often refer to themselves as "sovereign citizens," assert that they "follow their own set of laws and, accordingly, do not recognize federal, state, or local laws, policies, or regulations as legitimate.") (quoting *United States v. DiMartino*, 949 F.3d 67, 69

---

[5] In Plaintiff's Affidavit of Status, he describes himself as "a creation of GOD ALMIGHTY and a follower of God's laws first and foremost, and the laws of man when they are not in conflict…" (Ex. 3.)

[6] The United States Court of Appeals for the Third Circuit has described sovereign citizen averments as follows:

> Although "sovereign citizens" do not share identical beliefs, they generally believe that they are neither subject to federal law nor federal courts' jurisdiction. *See United States v. Banks*, 828 F.3d 609, 615 n.1 (7th Cir. 2016) ("Defendants claiming to be 'sovereign citizens' assert that the federal government is illegitimate and insist that they are not subject to its jurisdiction." (internal quotation marks and citation omitted)); *see also United States v. DiMartino*, 949 F.3d 67, 69 (2d Cir. 2020) (explaining that "the Sovereign Citizen movement" is "a loosely affiliated group who follow their own set of laws and, accordingly, do not recognize federal, state, or local laws, policies or regulations as legitimate") (internal quotation marks and citation omitted). Their claims ... of course, lack merit. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.").

*United States v. Taylor*, 21 F.4th 94, 102 n.6 (3d Cir. 2021).

(2d Cir. 2020) (cleaned up); *Sinclair v. Terra,* No. 25-1533, 2025 WL 2151041, at *3 (E.D. Pa. July 17, 2025), *report and recommendation adopted,* No. 25-1533, 2025 WL 2146837 (E.D. Pa. July 29, 2025) (collecting cases); *see also Whaley v. PA*, No. 25-1007, 2025 WL 3491566, at *4 (M.D. Pa. July 2, 2025) ("Courts in this circuit have routinely dismissed claims by civil rights plaintiffs who assert a sovereign citizen theory as legally frivolous.") (citing *Smith v. Homestead Police Dep't*, 2024 WL 1256300, at *4-6 (W.D. Pa. March 25, 2024); *Blinke v. Sweeney*, 2023 WL 8361795, at *2 (M.D. Pa. Nov. 9, 2023), *report and recommendation adopted*, 2023 WL 8359908 (M.D. Pa. Dec. 1, 2023); *Geiger v. Conroy*, 2023 WL 2577233, at *7 n. 15 (E.D. Pa. March 20, 2023)); *Yancy-El v. Kelly*, No. 24-751, 2024 WL 3413261, at *4 (W.D. Pa. June 21, 2024), *report and recommendation adopted,* No. 24-751, 2024 WL 4215740 (W.D. Pa. Sept. 17, 2024) ("arguments challenging the general application of motor vehicle laws have been repeatedly rejected at the screening stage as frivolous.") (citing *Augmon v. Pennsylvania*, No. 22-1466, 2022 WL 16966723, at *2 (W.D. Pa. Oct. 25, 2022), *report and recommendation adopted*, No. 22-1466, 2022 WL 16963926 (W.D. Pa. Nov. 16, 2022) (citing *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011); *Yun v. New Jersey*, 2019 WL 3416773, at *6 (D.N.J. July 29, 2019)); *see also Bey v. Hillside Twp. Mun. Court*, No. Civ. 11-7343, 2012 WL 714575, at *6 (D.N.J. Mar. 5, 2012) (holding that a plaintiff's claims based on his alleged citizenship in a sovereign nation organization were inherently frivolous, noting that such persons sue for the "protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws.")).

With that basis in mind, each of Plaintiff asserts that he is immune and/or exempt from the specific requirements the State of New Jersey has regarding parking, registration, fees, etc. In the Complaint, Plaintiff does not dispute that he was parked within 25 feet of a crosswalk when

Morales issued him a ticket for illegal parking, or that his Vehicle was not registered. (*See* Compl ¶ 20.) In response to being ticketed and advised that his unregistered Vehicle would be towed and impounded, Plaintiff states that he "gave [these] [D]efendant[s] the opportunity to read plaintiffs' Affidavit of Status and to correct [their] ways" (*id*. ¶¶ 16, 22-23, 25, 37) and advised Cuevas that "he was not required to register his property" (*id*. ¶ 20). Thus, Plaintiff is not claiming that the motor vehicle laws at issue are invalid; rather, that they do not apply to him. (*Id*.) Courts throughout the country have rejected such arguments. *Xi-Heru v. Glick*, No. 25-3821, 2025 WL 1384700, at *4 (D.N.J. May 13, 2025) ("Plaintiff's notion that he is somehow exempt from the jurisdiction of New Jersey municipal courts "has no conceivable validity in American law.") (quoting *Smith v. Homestead Police Dep't*, 2024 WL 1256300, at *4-6 (W.D. Pa. March 25, 2024) ("to the extent Plaintiff is basing a Fourteenth Amendment due process claim on 'a misguided belief ... that motor vehicle registration and licensing laws do not apply to [her] as a 'sovereign citizen,' such claim lacks an arguable basis on the facts presented here and on the law."); *Whaley v. PA*, No. 25-1007, 2025 WL 3491566, at *4 (M.D. Pa. July 2, 2025) (rejecting claims, at least in part, on the basis that Plaintiff is a sovereign citizen and not subject to the traffic laws that governed his arrest). Additionally, the Supreme Court long ago ruled that states may regulate the operation "of all motor vehicles" within their borders and "may require the registration of such vehicles and the licensing of their drivers" pursuant to their constitutionally protected police power. *Augmon v. Pennsylvania*, No. 22-01466, 2022 WL 16966723, at *2 (W.D. Pa. Oct. 25, 2022), *report and recommendation adopted,* No. 22-01466, 2022 WL 16963926 (W.D. Pa. Nov. 16, 2022) (quoting *Perkins v. Ivey*, 772 F. App'x 245, 246 (5th Cir. 2019) (citing *Hendrick v. Maryland*, 235 U.S. 610, 622 (1915)). Further, with regard to the towing and impounding of Plaintiff's Vehicle, N.J.S.A. 39:3-4 provides that "[a]ny police officer is authorized to remove any unregistered vehicle from the

6

public highway to a storage space or garage." Thus, the HPD was authorized by statute to impound Plaintiff's unregistered vehicle. Finally, Plaintiff acknowledges that he retrieved his Vehicle on June 3, 2022.

Ultimately, Plaintiff's constitutional claims against Defendants rest solely on Plaintiff's self-proclaimed immunity from the motor vehicle laws and regulations at issue. Plaintiff does not allege any facts that support his contention that Defendants have unlawfully deprived him of his property without due process. Thus, Plaintiff fails to state a claim and the Complaint is therefore dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B).[7]

### A. Amendment Would be Futile

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether to do so with or without prejudice, the latter of which affords a plaintiff leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party, or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Generally, it is this Court's practice to provide a litigant at least one opportunity to amend their complaint. However, in this case, Plaintiff is proceeding under legal theories not recognized in the federal courts. While Plaintiff cites certain constitutional provisions, the legal and factual predicate alleged in support dictates the futility of any amendment. Accordingly, the Court **dismisses with prejudice**.

### B. The Court Declines to Exercise Supplemental Jurisdiction Over State-Law Claim

---

[7] The Court further notes that there are no factual allegations supporting *Monell* municipal liability against the HPD or the City of Hoboken. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

Finally, because Plaintiff's federal claims are dismissed with prejudice for the reasons set forth above, the Court declines to extend supplemental jurisdiction over Plaintiff's remaining state law conversion claim, without prejudice. *See* 28 U.S.C. § 1367(c)(3); *see also Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). To the extent Plaintiff wishes to pursue that claim, he may do so by refiling his state law claim in state court within thirty (30) days. *See Hedges*, 204 F.3d at 123 (quoting 28 U.S.C. § 1367(d) for the proposition that the statute of limitations for any state law claim over which a federal court declines to extend supplemental jurisdiction is tolled while that claim is pending in federal court and for thirty days after it is dismissed).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's IFP Application (ECF No. 1-1) is **GRANTED**. Plaintiff's claims pursuant to 42 U.S.C. § 1983 are **DISMISSED** *with prejudice* against all Defendants. Plaintiff's state-law conversion claim is **DISMISSED** *without prejudice*. Plaintiff will not be permitted to file an amended complaint, as any amendment would be futile. An appropriate Order accompanies this Opinion.

**DATED**:    4/16/2026

**JULIEN XAVIER NEALS**
**United States District Judge**